Opinion of the Court, by
Judge Boyle.
M’Endre, having purchased of Vawter, agent for Lewis and wife, five hundred acres of land, for the sum of £450, with an express stipulation, that no conveyance should be made until the whole purchase money, for which he executed bonds, payable at different days, should be paid, sold one hundred and fifty acres to Rollins, for the sum of £210, and Rollins, with Piles as his security, executed two bonds for the payment thereof.
M’Endre gave no bond or other instrument, for the conveyance of the one hundred and fifty acres to Rollins; but by an arrangement made amongst them, assigned the bond upon Vawter for the whole five hundred acres, to Piles, as a kind of indemnity to him, for becoming Rollins’ security; and under an agreement, that when the purchase money was paid to Vawter, and the conveyance made by him agreeable to the bond, Piles would convey to M’Endre the residue of the tract, after deducting the one hundred and fifty acres sold to Rollins.
No part of the purchase money having been paid to Vawter, some time after the last payment was to have been made, Piles and Vawter rescinded the contract, and Piles gave up to Vawter his bond for the conveyance of the land, and took in the bonds given by M’Endre for the purchase money.
M’Endre brought suit and recovered judgment at law against Rollins and Piles, for the amount of one of the bonds executed by them, for the payment of the purchase money, for the one hundred and fifty acres sold to Rollins. To enjoin proceedings upon that judgment, Rollins and Piles brought their suit in chancery; upon a final hearing whereof, upon bill, answer and depositions, the court below decreed the injunction to be *102 made perpetual; from which decree, M’Endre has taken this appeal.
Though there is much uncertainty and confusion, both in the allegations and the proofs, the preceding statement exhibits a correct view of the material facts, which are either admitted or proved.
Upon this statement, Rollins has a clear and incontestable equity to resist the payment of the money for the one hundred and fifty acres; he has not received a conveyance. By the arrangement made by M’Endre, Piles and himself, he was to have no agency in procuring the title; nor has he had any concern, in any act which might tend to prevent its procurement.
As to Piles, he does not appear so blameless. He has, without having any authority to do so, rescinded the contract with Vawter. Had M’Endre paid the money, or shown that he had tendered it to Vawter or Lewis, who refused to convey on account of the rescision of the contract, then he would have been able to enforce the conveyance from Vawter or Lewis; or, in case he was prevented from doing so by the rescision of the contract, Piles would be liable to him for the advantages he would have derived from an execution of the contract. But M’Endre not having shown that he has done or is ready to do, what he was bound to perform before he could demand a conveyance, the rescision of the contract, though unauthorized, does not entitle him to damages for the non-conveyance of the right.
Decree affirmed with costs.